IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT R. OLIG,<br><br>Plaintiff,<br><br>vs.<br><br>XANTERRA PARKS & RESORTS, INC., a Delaware corporation, ADDIE WICKHAM, and John Does 1-5,<br><br>Defendants. | CV 13-15-BLG-DLC-RKS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

FILED

SEP 17 2013

Clerk, U.S. District Court
District Of Montana
Missoula

Plaintiff Robert Olig brings claims for wrongful discharge, intentional infliction of emotional distress, and punitive damages against his former employer, Defendant Xanterra Parks & Resorts, Inc., the concessionaire in Yellowstone National Park. On July 30, 2013, United States Magistrate Judge Keith Strong entered findings and recommendations (doc. 40) on Olig's motion to remand (doc. 15) and Defendants' motion to dismiss (doc. 6), which was converted to a motion for summary judgment after notice to the parties (doc. 37). Judge Strong concluded that the federal enclave doctrine applied to Olig's claims. Accordingly, not only was the case properly removed to this Court under federal question jurisdiction, but Olig's causes of action must be dismissed because they do not

1

exist under the law that applies within the federal enclave of Yellowstone National Park. Judge Strong therefore recommends that Olig's motion to remand be denied and Defendants' motion to dismiss be granted.

Pending before the Court are Olig's objections to Judge Strong's findings and recommendations. Doc. 41. Olig's objections require a de novo review of any part of Judge Strong's findings and recommendations to which objection is properly made. Rule 72(b)(3) Fed.R.Civ.P. After a thorough review of the file and the applicable law, the Court concludes Olig's objections essentially rehash the same arguments made to Judge Strong and do not overcome his well-reasoned analysis. Accordingly, Olig's objections are overruled and Judge Strong's findings and recommendations are adopted in full.

As an initial matter, Olig characterizes Judge Strong's decision as a ruling that "as a matter of law, a lawsuit cannot be sustained under the federal enclave doctrine when a private corporation terminates an employee who worked both on and off the enclave." Doc. 41, p. 3. But that is not the rule of Judge Strong's analysis. Judge Strong reasoned that Olig's lawsuit cannot be sustained because Olig's particular claims arose within the federal enclave and the applicable law within that enclave does not recognize Olig's causes of action.

Similarly, Olig asserts elsewhere that the issue is "whether a private

2

corporation is entitled to federal enclave jurisdiction when they purposefully sent their employee off the federal enclave to perform various work tasks." Doc. 41, pp. 8-9. But the fact that Olig performed work for Xanterra outside the enclave is irrelevant under the particular facts of this case. The issue is where his particular claims arose. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *In re High-Tech Employee Antitrust Litigation*, 856 F.Supp.2d 1103, 1125 (N.D.Cal. 2012); *see also Stiefel v. Bechtel Corp.*, 497 F.Supp.2d 1138, 1148 (N.D. Cal. 2007) (applicability of federal enclave doctrine turns on whether all pertinent events occurred on the enclave) and *Snow v. Bechtel Const. Inc*, 647 F.Supp. 1514, 1521 (C.D. Cal. 1986) (same). And Judge Strong correctly concluded that based on Olig's allegations, the causes of action arose within the enclave. Doc. 40, pp. 9-11. Although Olig was directed to work outside the enclave, neither his Complaint nor his affidavits allege that any of the allegedly wrongful conduct giving rise to his causes of action occurred outside the enclave.

Finally, Olig argues Judge Strong failed to strictly construe the removal statute and failed resolve any doubt about removal in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam). Olig argues that since the case law relied upon by Judge Strong does not address the issue of

whether a private corporation is entitled to federal enclave jurisdiction when they purposefully send their employee off the enclave to perform work, there is doubt about the right of removal the case should be remanded without consideration of Defendants' motion to dismiss. But again, this objection relies on Olig's misunderstanding of the issue. Since Judge Strong correctly concluded that Olig's claims arose within the enclave, there is no doubt about the right of removal.

Accordingly, IT IS ORDERED that Findings and Recommendations of U.S. Magistrate Judge Strong are adopted in their entirety.

IT IS FURTHER ORDERED:

(1) Olig's motion for remand (doc. 15) is DENIED;

(2) Defendants' motion to dismiss (doc. 6) is converted to a motion for summary judgment and GRANTED; and

(3) Defendants' motion for judicial notice (Doc. 8) is DENIED AS MOOT.

The Clerk of Court is directed to notify the parties of the entry of this Order and close this case accordingly.

DATED this 17th day of September, 2013.

Dana L. Christensen, Chief Judge
United States District Court